1  DENNIS J. HERRERA, State Bar #139669
City Attorney
2  WAYNE SNODGRASS, State Bar #148137
SHERRI SOKELAND KAISER, State Bar #197986
3  Deputy City Attorneys
City Hall, Room 234
4  1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
5  Telephone:    (415) 554-4691
Facsimile:    (415) 554-4747
6  E-Mail:        sherri.sokeland.kaiser@sfgov.org

7  Attorneys for Defendant
THE SAN FRANCISCO RENT STABILIZATION AND ARBITRATION BOARD
8

9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12  VANCE S. ELLIOTT,                          Case No. CV 07-4446 SBA

13              Plaintiff,                     **DEFENDANT'S SEPARATE CASE
                                               MANAGEMENT STATEMENT**
14       vs.

15  THE SAN FRANCISCO RENT
STABILIZATION AND ARBITRATION
16  BOARD,

17              Defendant.

18

19

20       Defendant City and County of San Francisco submits this Separate Case Management

21  Statement in compliance with Federal Rules of Civil Procedure 16 and 26, and the Standing

22  Order for All Judges of the Northern District of California.  Rule 26(f) requires a case

23  management statement to be submitted seven days before "a scheduling conference is held or

24  a scheduling order is due under Rule 16(b)."  There is currently no case management

25  conference scheduled in this case, but under Rule 16(b) a scheduling order is due to issue by

26  January 11, 2008.  The City is filing its statement separately because plaintiff has failed to

27  respond to the City's attempt to meet and confer.  See accompanying Declaration of Deputy

28  City Attorney Sherri Sokeland Kaiser.

DEFENDANT'S CMC STATEMENT                    1                n:\govlit\li2007\080353\00453334.doc
CASE NO.  CV 07-4446 SBA

1  **1. Jurisdiction and Service:**

2  Defendant contends that plaintiff lacks standing to attack the Uniform Visitor Policy

3  because it does not injure him, and because invalidating the ordinance would not eliminate the

4  limits on plaintiff's overnight guests.  Defendant has filed and served a motion in related case

5  06-4842 SBA to dismiss for lack of standing and has also moved to consolidate this case for

6  all purposes or, alternatively, for purposes of the motion to dismiss.  These motions are

7  scheduled to be heard on February 26, 2008.

8  **2. Facts:**

9  Plaintiff challenges the San Francisco Uniform Hotel Visitor Policy and the

10  Residential Hotel Visitor Policy Ordinance, codified as San Francisco Admin. Code Chapter

11  41D.  He asserts that the Visitor Policy restricts the frequency and number of overnight guests

12  he may receive as a tenant of a single room occupancy hotel and infringes on his civil rights.

13  Defendant believes that plaintiff misreads the Visitor Policy because it does not limit

14  his overnight guests or his civil rights in any way.  Rather, it prohibits hotel owners and

15  operators who wish to do so from restricting plaintiff's overnight guests to fewer than eight

16  per month.

17  **3. Legal Issues:**

18  a) Whether plaintiff lacks standing;

19  b)  Whether use of the Uniform Visitor Policy at plaintiff's place of residence

20  constitutes state action or private action;

21  c)  Whether the Uniform Visitor Policy violates the Equal Protection Clause;

22  d)  Whether the Uniform Visitor Policy violates plaintiff's constitutional privacy

23  rights.

24  **4. Motions:**

25  Defendant has filed a motion to consolidate this case with the related case and a

26  motion to dismiss for lack of standing.  These motions will be heard on 2/26/2008.  In the

27  event that these motions do not resolve the case, defendant anticipates filing a motion for

28  summary judgment.

DEFENDANT'S CMC STATEMENT                    2                    n:\govlit\li2007\080353\00453334.doc
CASE NO.  CV 07-4446 SBA

**5.  Amendment of Pleadings:**

Defendant has no plans to amend its pleadings and proposes an amendment cutoff date

of March 1, 2008.

**6.  Evidence Preservation:**

Evidence preservation does not appear to be an issue in this case.  The government

preserves its public documents and the materials relevant to its lawmaking processes.

**7.  Disclosures:**

Plaintiff has made no initial disclosures in this or the related case.  Defendant relies on

and hereby incorporates its initial disclosures in the related case.  They are as follows:

**A.     Individuals Likely To Have Discoverable Information
To Support The Rent Board's Defenses**
The following is a list of each individual, known to Defendant as of this
date and believed by Defendant to possess discoverable information relevant to
its defenses.  For all individuals who are listed who are employees of the City
and County of San Francisco, Defendant objects to listing their home addresses
or telephone numbers on grounds of privacy.  Those individuals may be
contacted through the City Attorney's Office.
1.  Virginia Dario Elizondo, Deputy City Attorney, Office of City
Attorney, City and County of San Francisco.
2.  Officer Miguel E. Granados, Mission District Code Enforcement,
Police Department, City and County of San Francisco.
3.  Anne Kronenberg, Director of External Affairs, Department of Public
Health, City and County of San Francisco.
4.  Maria X. Martinez, Deputy Director, Department of Public Health, City
and County of San Francisco.
5.  June Ruggles, Live-In Manager, Baldwin House, 74 Sixth Street, San
Francisco, CA 94103; (415) 621-1234.
6.  Antoinetta Stadlman, SRO Tenant at Large and Ombuds Lady, Baldwin
House, 74 Sixth Street, San Francisco, CA 94103; (415) 621-1234
general number of Baldwin House or (415) 552-4803 Antoinetta's
personal number .
7.  Delene Wolf, Executive Director, San Francisco Residential Rent
Stabilization and Arbitration Board, City and County of San Francisco.
8.  Sam Patel, President, Independent Hotel Owners and Operators
Association, address unknown.

**B.     Documents And Things In The City's Possession That It May Use
To Support Its Defenses**
The following is a list of the categories of documents in the possession
of the City and County of San Francisco of which Defendant is currently aware
and which it may use to support its defenses:
- The Board of Supervisors' files for Ordinances 869-99, 135-01, 62-02,
and 7-07.

1

2

3

4

- All written records of the SRO (Single Room Occupancy) Hotel Safety and Stabilization Task Force, which was created by Supervisors Resolution No. 868-99.
- All Rent Board documents regarding the review and amendment of the Uniform Visitor Policy.
- Police records regarding the Baldwin House, other comparable SRO hotels, and/or the plaintiff.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Copies of the following specific documents are provided to Plaintiff in this Initital Disclosure:

1. Master Report, Board of Supervisors, File No. 991429, regarding Resolution No. 868-99 which created the SRO Task Force, October 8, 1999.
2. Master Report, Board of Supervisors, File No. 010526, regarding Resolution No. 135-01 which prohibited hotel operators from forbidding visitors at SROs or charging for such visits, as well as charged the SRO Task Force with creating a Uniform Residential Hotel Visitor Policy, July 11, 2001.
3. Master Report, Board of Supervisors, File No. 020343, regarding Resolution No. 62-02 which gives the Rent Board the power to add supplemental visitor policies "from time to time," allows tenants to petition the Rent Board for hearing and rent reduction, and makes charging tenants for visitors or restricting visits under the Policy "an infraction," May 9, 2002.
4. Master Report, Board of Supervisors, File No. 061538, regarding Resolution No. 7-07 which creates an exception to the visitor policy for hotels operated by non-profits that provide housing and supportive services to victims of domestic violence, January 22, 2007.
5. Mission statement and objections of SRO Task Force, downloaded from task force website, April 25, 2007.
6. "About Us" section of SRO Task Force website, downloaded April 25, 2007.
7. Vacancy Notice from SRO Task Force website, downloaded April 25, 2007.
8. Minutes of SRO Task Force meeting, July 11, 2001.
9. Minutes of SRO Task Force meeting, September 5, 2001.
10. Minutes of SRO Task Force meeting, October 3, 2001.
11. Minutes of SRO Task Force meeting, November 7, 2001.
12. Minutes of SRO Task Force meeting, December 5, 2001.
13. Uniform Visitor Policy in SRO Hotels, adopted by SRO Task Force on December 5, 2001.
14. Minutes of SRO Task Force meeting, January 2, 2002.
15. Uniform Hotel Visitor Policy, adopted December 5, 2001, amended October 14, 2003, as downloaded from Rent Board website on November 14, 2003.
16. Notice of Public Hearing before the Rent Board regarding Uniform Visitor Policy, May 6, 2003.
17. Minutes of the Hotel Vistor Policy Committee, August 12, 2003.
18. Minutes of the Hotel Vistor Policy Committee, November 10, 2004.
19. Notice of Public Hearing before the Rent Board regarding Uniform Visitor Policy, December 8, 2004.
20. Minutes of the Special Meeting of the Rent Board, December 8, 2004.
21. Proposed Amendments, Uniform Hotel Visitor Policy, December 8, 2004.
22. Uniform Hotel Visitor Policy, as amended December 8, 2004.

DEFENDANT'S CMC STATEMENT
CASE NO.  CV 07-4446 SBA

4

23. Notice of Public Hearing before the Rent Board regarding Uniform
   Visitor Policy, January 17, 2006.
24. Rent Board Memorandum from Delene Wolf, Executive Director, to
   Interested Parties regarding Committee to Review SRO Visitor Policy,
   March 17, 2006.
25. Minutes of the Hotel Vistor Policy Committee, April 5, 2006.
26. Notice of Public Hearing before the Rent Board regarding Uniform
   Visitor Policy, May 30. 2006.
27. Uniform Hotel Visitor Policy, as amended July 11, 2006.
28. Email from Timothy Lee of the Rent Board to various individuals
   regarding Amended Uniform Hotel Visitor Policy, sent July 14, 2006.

**C.**     **Computation Of Damages**
       Not applicable.
**D.**     **Insurance Agreement**
       None. The City and County of San Francisco and its agencies are self-
insured.

**8.  Discovery**:

No discovery has been taken to date.  Discovery may be needed on whether the

regulation of overnight guests at SRO hotels is reasonable.  Defendant is unaware of any need

to alter the usual rules of discovery.

**9.  Class Actions:**

This is not a class action.

**10.  Related Cases:**

The Court has related this case to *Elliott v. San Francisco Residential Rent*

*Stabilization and Arbitration Board*, Case No. 06-4842 SBA.  That case raises the identical

legal and factual issues.

**11.  Relief:**

Plaintiff does not specify in his complaint the nature of the relief he seeks.  Generally a

claim such as this asks the Court to strike the challenged law as unconstitutional.

**12.  Settlement and ADR:**

Defendant sees no prospects for settlement as defendant will not voluntarily withdraw

or alter its Uniform Hotel Visitor Policy.

This Court assigned the related case to ENE.  After meeting with the parties, the ADR

department requested that this Court vacate its order on the view that the ENE process would

1  not be fruitful.  The Court granted that request.  Defendant asks that this case be excused from

2  alternative dispute resolution procedures for the same reason.

3      **13.  Consent to Magistrate Judge for All Purposes:**

4      Defendant does not consent to the assignment of a magistrate judge.

5      **14.  Other References:**

6      None.

7      **15.  Narrowing of Issues:**

8      None.

9      **16.  Expedited Schedule:**

10     None.

11     **17.  Scheduling:**

12     Defendant proposes a general discovery cutoff date of 6/1/2008, expert disclosures by

13 6/15/2008, an expert discovery cutoff date of 8/1/2008; dispositive motion cutoff date of

14 11/1/2008; and trial in February 2009.

15     **18.  Trial:**

16     Plaintiff has not properly demanded a jury trial, so this case will be tried to the Court.

17 Defendant estimates a trial not to exceed two days.

18     **19.  Disclosure of Non-party Interested Entities or Persons:**

19     Defendant is exempt from Local Civil Rule 3-16.  Plaintiff has not filed the required

20 disclosure.

21     **20.  Other Matters:**

22     The Court may wish to hold off on a scheduling order in this case until it hears and

23 decides the motion to consolidate on February 26, 2008.  A case management conference in

24 the related case will follow the motion hearing, and judicial efficiency may best be served by

25 considering and scheduling the cases jointly.

26

27

28

DEFENDANT'S CMC STATEMENT            6            n:\govlit\li2007\080353\00453334.doc
CASE NO.  CV 07-4446 SBA

Dated: December 19, 2007

1

DENNIS J. HERRERA
City Attorney
2
WAYNE SNODGRASS
SHERRI SOKELAND KAISER
3
Deputy City Attorneys

4

5
By:_____/S/_____.
SHERRI SOKELAND KAISER

6

Attorneys for Defendant
7
THE SAN FRANCISCO RENT
STABILIZATION AND ARBITRATION
8
BOARD

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S CMC STATEMENT
CASE NO.  CV 07-4446 SBA

7

n:\govlit\li2007\080353\00453334.doc

**PROOF OF SERVICE**

I, DIANA QUAN, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, City Hall, Room 234, 1 Dr. Carlton B. Goodlett Place, San Francisco, CA 94102.

On December 20, 2007, I served the following document(s):

**DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT**

on the following persons at the locations specified:

**VANCE S. ELLIOTT**
**The Baldwin House**
**74 Sixth Street, #227**
**San Francisco, CA  94103-1608**

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service.

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number (415) 554-4747 to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed December 20, 2007, at San Francisco, California.

/S/
DIANA QUAN

DEFENDANT'S CMC STATEMENT
CASE NO.  CV 07-4446 SBA

8

n:\govlit\li2007\080353\00453334.doc