# EXHIBIT A

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA                                   SHERRI SOKELAND KAISER
City Attorney                                       Deputy City Attorney

DIRECT DIAL: (415) 554-4691
E-MAIL: sherri.sokeland.kaiser@sfgov.org

December 5, 2007

Mr. Vance Elliott
74 Sixth Street, #227
San Francisco, CA 94103-1668

Re: *Vance S. Elliott v. San Francisco Residential Rent Stabilization and Arbitration Board*
USDC No. CV 07-4446 SBA

Dear Mr. Elliott:

Under FRCP 26(f), we are obliged to meet and confer regarding a joint case management conference statement no later than December 21, 2007, because the Court's initial scheduling order is due by January 11, 2008. We must submit our joint case management conference statement by January 1, 2008. We must also submit our ADR forms. Given the holidays and my vacation schedule, I would like to take care of all of these matters by December 19.

You have already informed me by letter that you do not wish to meet and confer with me in person. I am also aware that you do not have a telephone. For that reason, I am enclosing my proposals for the case management statement and alternative dispute resolution in writing with this letter. Please respond with your views in writing, perhaps as handwritten additions directly to the forms I am sending you in the spaces I have provided, and I will prepare joint documents that we can sign and file with the Court. Please note, however, that you may be required to file some of your ADR forms separately; please refer to the instructions.

I hope for your cooperation in this matter, but if we are unable to complete this process by December 19, I will file my papers separately.

Very truly yours,

DENNIS J. HERRERA
City Attorney

SHERRI SOKELAND KAISER
Deputy City Attorney

encls.

CITY HALL · 1 DR. CARLTON B. GOODLETT PLACE, ROOM 234 · SAN FRANCISCO, CALIFORNIA 94102-4682
RECEPTION: (415) 554-4700 · FACSIMILE: (415) 554-4747

n:\govlit\li2007\080353\00453325.doc

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Elliott S. Vance

CASE NO. 07-4446 SBA

Plaintiff(s),

v.

NOTICE OF NEED FOR ADR PHONE CONFERENCE

San Francisco Residential Rent Stabilization and Arbitration Board

Defendant(s).

*Mr. Elliott —
Please note that this option allows us to talk to the ADR program and ask to be exempted.*

Counsel report that they have met and conferred regarding ADR and that they:

✓ have not yet reached an agreement to an ADR process
request an Early Settlement Conference with a Magistrate Judge

Date of Case Management Conference  none scheduled

The following counsel will participate in the ADR phone conference:

| Name | Party Representing | Phone No. | E-Mail Address |
|---|---|---|---|
| Sherri Kaiser | Defendant | 415.554.4691 | sherri.sokeland.kaiser@sfgov.org |

*Civil Local Rule 16-8 and ADR Local Rule 3-5 require that lead trial counsel participate in a telephone conference with a member of the ADR Legal Staff before the Case Management Conference. The ADR Unit (adr@cand.uscourts.gov) will notify you of the date and time of your phone conference.*

Dated:_____

_____
Attorney for Plaintiff

Dated:_____

_____
Attorney for Defendant

Rev 12.05

When filing this document in ECF, please be sure to use the ADR Docket Event entitled "Notice of Need for ADR Phone Conference (ADR L.R. 3-5 d)."

DENNIS J. HERRERA, State Bar #139669
City Attorney
WAYNE SNODGRASS, State Bar #148137
SHERRI SOKELAND KAISER, State Bar #197986
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-4691
Facsimile:      (415) 554-4747
E-Mail:          sherri.sokeland.kaiser@sfgov.org

Attorneys for Defendant
THE SAN FRANCISCO RENT STABILIZATION AND ARBITRATION BOARD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| VANCE S. ELLIOTT,<br><br>  Plaintiff,<br><br>vs.<br><br>THE SAN FRANCISCO RENT STABILIZATION AND ARBITRATION BOARD,<br><br>  Defendant. | Case No. CV 07-4446 SBA<br><br>***DRAFT*** JOINT CASE MANAGEMENT STATEMENT |
|---|---|

The parties submit this Joint Case Management Statement in compliance with Federal Rules of Civil Procedure 16 and 26, and the Standing Order for All Judges of the Northern District of California. Rule 26(f) requires a case management statement to be submitted seven days before "a scheduling conference is held or a scheduling order is due under Rule 16(b)." There is currently no case management conference scheduled in this case, but under Rule 16(b) a scheduling order is due to issue by January 11, 2008.

The parties do not submit a proposed Case Management Order as they were unable to come to agreement on most matters of scheduling.

# DESCRIPTION OF THE CASE

**1. Jurisdiction and Service:**

Defendant believes that plaintiff lacks standing to attack the Uniform Visitor Policy because it does not injure him, and because invalidating the ordinance would not eliminate the limits on plaintiff's overnight guests. Defendant has filed and served a motion in related case 06-4842 SBA to dismiss for lack of standing and has also moved to consolidate this case for all purposes or, alternatively, for purposes of the motion to dismiss. These motions are scheduled to be heard on February 26, 2008.

Plaintiff:

**2. Facts:**

Plaintiff challenges the San Francisco Uniform Hotel Visitor Policy and the Residential Hotel Visitor Policy Ordinance, codified as San Francisco Admin. Code Chapter 41D. He asserts that the Visitor Policy restricts the frequency and number of overnight guests he may receive as a tenant of a single room occupancy hotel and infringes on his civil rights.

Defendant believes that plaintiff misreads the Visitor Policy because it does not limit his overnight guests or his civil rights in any way. Rather, it prohibits hotel owners and operators who wish to do so from restricting plaintiff's overnight guests to fewer than eight per month.

Plaintiff:

**3. Legal Issues:**

a) Whether plaintiff lacks standing;

b) Whether use of the Uniform Visitor Policy at plaintiff's place of residence constitutes state action or private action;

c) Whether the Uniform Visitor Policy violates the Equal Protection Clause;

d) Whether the Uniform Visitor Policy violates plaintiff's constitutional privacy rights.

Plaintiff:

**4. Motions:**

Defendant has filed a motion to consolidate this case with the related case and a motion to dismiss for lack of standing. These motions will be heard on 2/26/2008. In the event that these motions do not resolve the case, defendant anticipates filing a motion for summary judgment.

Plaintiff:

**5. Amendment of Pleadings:**

Defendant has no plans to amend its pleadings. It proposes an amendment cutoff date of March 1, 2008.

Plaintiff:

**6. Evidence Preservation:**

Evidence preservation does not appear to be an issue in this case. The government preserves its public documents and the materials relevant to its lawmaking processes.

Plaintiff:

**7. Disclosures:**

Plaintiff has made no initial disclosures in this or the related case. Defendant relies on and hereby incorporates its initial disclosures in the related case. They are as follows:

**A. Individuals Likely To Have Discoverable Information To Support The Rent Board's Defenses**

The following is a list of each individual, known to Defendant as of this date and believed by Defendant to possess discoverable information relevant to its defenses. For all individuals who are listed who are employees of the City and County of San Francisco, Defendant objects to listing their home addresses or telephone numbers on grounds of privacy. Those individuals may be contacted through the City Attorney's Office.

1. Virginia Dario Elizondo, Deputy City Attorney, Office of City Attorney, City and County of San Francisco.
2. Officer Miguel E. Granados, Mission District Code Enforcement, Police Department, City and County of San Francisco.
3. Anne Kronenberg, Director of External Affairs, Department of Public Health, City and County of San Francisco.
4. Maria X. Martinez, Deputy Director, Department of Public Health, City and County of San Francisco.
5. June Ruggles, Live-In Manager, Baldwin House, 74 Sixth Street, San Francisco, CA 94103; (415) 621-1234.
6. Antoinetta Stadlman, SRO Tenant at Large and Ombuds Lady, Baldwin House, 74 Sixth Street, San Francisco, CA 94103; (415) 621-1234 general number of Baldwin House or (415) 552-4803 Antoinetta's personal number.
7. Delene Wolf, Executive Director, San Francisco Residential Rent Stabilization and Arbitration Board, City and County of San Francisco.
8. Sam Patel, President, Independent Hotel Owners and Operators Association, address unknown.

**B. Documents And Things In The City's Possession That It May Use To Support Its Defenses**

The following is a list of the categories of documents in the possession of the City and County of San Francisco of which Defendant is currently aware and which it may use to support its defenses:

- The Board of Supervisors' files for Ordinances 869-99, 135-01, 62-02, and 7-07.
- All written records of the SRO (Single Room Occupancy) Hotel Safety and Stabilization Task Force, which was created by Supervisors Resolution No. 868-99.

- All Rent Board documents regarding the review and amendment of the Uniform Visitor Policy.
- Police records regarding the Baldwin House, other comparable SRO hotels, and/or the plaintiff.

Copies of the following specific documents are provided to Plaintiff in this Initital Disclosure:
1. Master Report, Board of Supervisors, File No. 991429, regarding Resolution No. 868-99 which created the SRO Task Force, October 8, 1999.
2. Master Report, Board of Supervisors, File No. 010526, regarding Resolution No. 135-01 which prohibited hotel operators from forbidding visitors at SROs or charging for such visits, as well as charged the SRO Task Force with creating a Uniform Residential Hotel Visitor Policy, July 11, 2001.
3. Master Report, Board of Supervisors, File No. 020343, regarding Resolution No. 62-02 which gives the Rent Board the power to add supplemental visitor policies "from time to time," allows tenants to petition the Rent Board for hearing and rent reduction, and makes charging tenants for visitors or restricting visits under the Policy "an infraction," May 9, 2002.
4. Master Report, Board of Supervisors, File No. 061538, regarding Resolution No. 7-07 which creates an exception to the visitor policy for hotels operated by non-profits that provide housing and supportive services to victims of domestic violence, January 22, 2007.
5. Mission statement and objections of SRO Task Force, downloaded from task force website, April 25, 2007.
6. "About Us" section of SRO Task Force website, downloaded April 25, 2007.
7. Vacancy Notice from SRO Task Force website, downloaded April 25, 2007.
8. Minutes of SRO Task Force meeting, July 11, 2001.
9. Minutes of SRO Task Force meeting, September 5, 2001.
10. Minutes of SRO Task Force meeting, October 3, 2001.
11. Minutes of SRO Task Force meeting, November 7, 2001.
12. Minutes of SRO Task Force meeting, December 5, 2001.
13. Uniform Visitor Policy in SRO Hotels, adopted by SRO Task Force on December 5, 2001.
14. Minutes of SRO Task Force meeting, January 2, 2002.
15. Uniform Hotel Visitor Policy, adopted December 5, 2001, amended October 14, 2003, as downloaded from Rent Board website on November 14, 2003.
16. Notice of Public Hearing before the Rent Board regarding Uniform Visitor Policy, May 6, 2003.
17. Minutes of the Hotel Vistor Policy Committee, August 12, 2003.
18. Minutes of the Hotel Vistor Policy Committee, November 10, 2004.
19. Notice of Public Hearing before the Rent Board regarding Uniform Visitor Policy, December 8, 2004.
20. Minutes of the Special Meeting of the Rent Board, December 8, 2004.
21. Proposed Amendments, Uniform Hotel Visitor Policy, December 8, 2004.
22. Uniform Hotel Visitor Policy, as amended December 8, 2004.
23. Notice of Public Hearing before the Rent Board regarding Uniform Visitor Policy, January 17, 2006.
24. Rent Board Memorandum from Delene Wolf, Executive Director, to Interested Parties regarding Committee to Review SRO Visitor Policy, March 17, 2006.
25. Minutes of the Hotel Vistor Policy Committee, April 5, 2006.
26. Notice of Public Hearing before the Rent Board regarding Uniform Visitor Policy, May 30. 2006.
27. Uniform Hotel Visitor Policy, as amended July 11, 2006.
28. Email from Timothy Lee of the Rent Board to various individuals regarding Amended Uniform Hotel Visitor Policy, sent July 14, 2006.

    **C.    Computation Of Damages**
Not applicable.
    **D.    Insurance Agreement**
None. The City and County of San Francisco and its agencies are self-insured.

Plaintiff:

**8. Discovery:**

No discovery has been taken to date. Discovery may be needed on whether the regulation of overnight guests at SRO hotels is reasonable. Defendant is unaware of any need to alter the usual rules of discovery.

Plaintiff:

**9. Class Actions:**

This is not a class action.

Plaintiff:

**10. Related Cases:**

The Court has related this case to *Elliott v. San Francisco Residential Rent Stabilization and Arbitration Board*, Case No. 06-4842 SBA. That case raises the identical legal and factual issues.

Plaintiff:

**11. Relief:**

Plaintiff does not specify in his complaint the nature of the relief he seeks. Generally a claim such as this asks the Court to strike the challenged law as unconstitutional.

Plaintiff:

**12. Settlement and ADR:**

Defendant sees no prospects for settlement as defendant will not voluntarily withdraw or alter its Uniforma Hotel Visitor Policy.

This Court assigned the related case to ENE. After meeting with the parties, the ADR department requested that this Court vacate its order on the view that the ENE process would not be fruitful. The Court granted that request. Defendant asks that this case be excused from alternative dispute resolution procedures for the same reason.

Plaintiff:

**13. Consent to Magistrate Judge for All Purposes:**

Defendant does not consent to the assignment of a magistrate judge.

Plaintiff:

**14. Other References:**

None.

Plaintiff:

**15. Narrowing of Issues:**

None.

Plaintiff:

**16. Expedited Schedule:**

None.

Plaintiff:

**17. Scheduling:**

Defendant proposes a general discovery cutoff date of 6/1/2008, expert disclosures by 6/15/2008, an expert discovery cutoff date of 8/1/2008; dispositive motion cutoff date of 11/1/2008; and trial in February 2009.

Plaintiff:


**18. Trial:**

Plaintiff has not properly demanded a jury trial, so this case will be tried to the Court. Defendant estimates a trial not to exceed two days.

Plaintiff:

**19. Disclosure of Non-party Interested Entities or Persons:**

Defendant is exempt from Local Civil Rule 3-16. Plaintiff has not filed the required disclosure.

Plaintiff:

**20. Other Matters:**

The Court may wish to hold off on a scheduling order in this case until it hears and decides the motion to consolidate on February 26, 2008. A case management conference in the related case will follow the motion hearing, and judicial efficiency may best be served by considering and scheduling the cases jointly.

Plaintiff:

Dated: _____

                                                      _____
Plaintiff VANCE S. ELLIOTT, in propria persona

Dated: _____

DENNIS J. HERRERA
City Attorney
WAYNE SNODGRASS
SHERRI SOKELAND KAISER
Deputy City Attorneys

By: _____
SHERRI SOKELAND KAISER

Attorneys for Defendant
THE SAN FRANCISCO RENT STABILIZATION
AND ARBITRATION BOARD