**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| VANCE S. ELLIOT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SAN FRANCISCO RESIDENTIAL<br>RENT STABILIZATION and<br>ARBITRATION BOARD,<br><br>　　　　Defendant. | No. C 06-04842 SBA<br><br>and Related Case:<br>　No. C 07-04446 SBA<br><br>**ORDER TO SHOW CAUSE**<br><br>[Docket Nos. 35, 39 & 46] |

　　　　On August 4, 2006, pro se plaintiff Vance E. Elliot filed suit against defendant San Francisco Residential Rent Stabilization and Arbitration Board (the "Board"). *See* Docket No. 1. He then filed amended complaints on October 27, and November 8 and 29, 2006. *See* Docket Nos. 6, 9, and entry dated 11/29/2006. He claimed the Board's Uniform Visitor Policy violated the Fourteenth Amendment by circumscribing visitors to single resident only (SRO) residences to between the hours of 9:00 a.m. and 9:00 p.m. Docket No. 6 at 2. The Board Answered on December 5, 2006. *See* Docket No. 10. Despite this, Elliot filed three more amended complaints on January 17 and 18 and February 27, 2007. *See* Docket entries for these dates.

　　　　On April 4, 2007 the Court issued a scheduling order, setting a discovery cutoff for November 1, 2007, a motion cutoff for January 8, 2008, a pretrial conference for February 12, 2008, and a jury trial for February 25, 2008. Docket No. 20. The Court also ordered the parties to hold a mandatory settlement conference between from January 9 through 18, 2008. *Id.*

　　　　Two days later, on April 6, 2007, the Court referred this matter to Magistrate Judge Brazil for settlement purposes. *See* Docket entry for 4/6/07. On April 9, 2007, the ADR Clerk set a telephone conference for April 18, 2007. *See* Docket No. 19. Elliott failed to participate. Docket entry for 4/18/07. The ADR clerk set an in-person conference for May 1, 2007. Docket No. 22. Elliot appeared. *See* Docket entry for 5/1/07.

///

1    On June 26, 2007, Elliot filed a complaint against the Board, in case number MC-07-80166
2 ("80166"), which was assigned to Judge Vaughn R. Walker, *see* Docket No. 1-80166. Elliot raised
3 the same allegations he made in this matter. *See id.* On August 28, 2007, 80166 was terminated and
4 redesignated as C-07-04446 ("4446"), which was assigned to Judge Martin J. Jenkins. *see* Docket
5 No. 1-4446, *see* Docket entry for 8/28/2007, in 80166.

6    On October 3, 2007, on the Board's motion [Docket No. 25], the Court related this matter to
7 cases 4446. *See* Docket No. 28. This same day, the Board filed an Answer in 4446. *See* Docket
8 No. 9-4446.

9    On October 10, 2007, Magistrate Judge Brazil sent notice to the parties setting a settlement
10 conference for January 17, 2008, and a deadline of January 8, 2008 for confidential settlement
11 statements. *See* Docket No. 29. On October 12, 2007, the Court referred 4446 to Magistrate Judge
12 Brazil for settlement. *See* Docket No. 30. On October 26, 2007, Magistrate Judge Brazil sent notice
13 to the parties joining 4446 with the existing settlement conference and statement schedule. *See*
14 Docket No. 32.

15    On December 5, 2007, the Court set hearings on the Board's two motions for February 26,
16 2008. *See* Docket No. 41. On December 10, 2007, Elliot filed an amended complaint in case 4446.
17 *See* Docket entry for 12/10/2007, in 4446.

18    On January 18, 2008, Magistrate Judge Brazil issued an Order to Show Cause regarding
19 sanctions for Elliot's failure to appear on January 17 or file any statement. *See* Docket No. 42.
20 Elliot was ordered to file and serve a statement by February 8, 2008, explaining his failure to file a
21 settlement statement or appear at the conference, and to appear on February 15, 2008, before the
22 Magistrate Judge to explain his actions. *Id.* at ¶¶ 1-2.

23    On February 20, 2008, Magistrate Judge Brazil issued a Report and Recommendation
24 Following Show Cause Hearing, recommending the Court dismiss both of Elliot's matters, as he was
25 failing to prosecute his action, as he had not filed a statement or appeared, in response to the
26 January 18 Order to Show Cause. *See* Docket No. 46.

27    In addition to Elliot's failure to participate in the settlement proceedings, on November 29,
28 2007, the Board filed a motion to dismiss this matter for lack of standing. *See* Docket No. 35. This

same day, the Board filed a motion to consolidate matter 04446 with this matter.  *See* Docket No. 39.  On December 5, 2007, the Court set hearings on the Board's two motions for February 26, 2008.  *See* Docket No. 41.  The Court's Order for Pretrial Preparation, filed April 4, 2007, warns the parties, "The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion."  Docket No. 20 at 2:11-12.  Elliot has not filed oppositions to the Board's two motions.

Accordingly, it is ORDERED that:

(1) Plaintiff shall appear in Courtroom 3 of the United States Courthouse, 1301 Clay Street, Oakland, California, on **March 13, 2008, at 4:00 p.m.**, to show cause why the above-captioned case and its related case should not be dismissed without prejudice for (1) failure to comply with the Court's order and/or for failure to prosecute; and/or (2) failure to oppose the Board's motion to dismiss [Docket No. 35].

(2) At least ten days prior to the above hearing, Plaintiff must file a "Certificate of Plaintiff" with the Clerk of the Court, to explain why the case and the related case should or should not be dismissed for (1) failure to comply with the Court's order and/or failure to prosecute; and/or (2) failure to oppose the Board's motion to dismiss [Docket No. 35].  The Certificate shall set forth the nature of the cause, its present status, the reason it has not been brought to trial or otherwise terminated, any basis for opposition to dismissal by any party, and its expected course if not dismissed.

(3) Please take notice that this Order requires **both** the specified court appearance **and** the filing of the Certificate of Plaintiff.  Failure to fully comply with this order will be deemed sufficient grounds to dismiss the action and the related action.

(4) Any party to this action or the related action, other than plaintiff, may file a statement, as described in paragraph (2), or appear at the hearing set in paragraph (1), to argue why this action and the related action should not be dismissed.

///
///
///
///

3

(5) The hearings set for February 26, 2008, at 1:00 p.m., for the Board's Motion to Dismiss For Lack of Standing [Docket No. 35] and Motion to Consolidate Cases [Docket No. 36] are VACATED.

IT IS SO ORDERED.

February 27, 2008

_____
Saundra Brown Armstrong
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

VANCE S ELLIOTT et al,

        Plaintiff,

v.

THE SAN FRANCISCO RENT AND ARBITRATION et al,

        Defendant.

Case Number: CV06-04842 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 28, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vance S. Elliott
The Baldwin House #227
74 Sixth Street
San Francisco, CA 94103

Dated: February 28, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

5