1
2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

3

4

VANCE S. ELLIOTT,                                          No. C 08-02352 SBA

Plaintiff,                                        and Related Cases:
                                                                   No. C 07-04446 SBA
v.                                                                No. C 06-04842 SBA

SAN FRANCISCO RESIDENTIAL              **ORDER**
RENT STABILIZATION and
ARBITRATION BOARD,                              [Docket Nos. 25 in 07-04446, 11 in 8-02352,
                                                               15 in 08-2352]

Defendant.

5

6

7

8

9

10

11                                              **INTRODUCTION**

12            Before the Court is defendant's Motion to Dismiss for Lack of Jurisdiction [Docket No. 11],

13    plaintiff's Motion to Dismiss with Leave to Amend [Docket No. 15], plaintiff's Motion for

14    Summary Judgment [Docket No. 25 in C 07-04446 SBA], and plaintiff's Amendment to Motion to

15    Dismiss with Leave to Amend [Docket No. 56 in C 06-04842 SBA].  For the following reasons, the

16    Court GRANTS defendant's motion with leave to amend, and DENIES plaintiff's two motions.

17                                              **BACKGROUND**

18    **I.        Related Cases 06-04842, 07-04446, and 07-801666**

19            On August 4, 2006, pro se plaintiff Vance E. Elliott filed suit against defendant San

20    Francisco Residential Rent Stabilization and Arbitration Board (the "Board").  *See* Docket No. 1 in

21    case C 06-04842 SBA ("4842").  He claimed the Board's Uniform Visitor Policy violated the

22    Fourteenth Amendment by circumscribing visitors to single resident only (SRO) residences to

23    between the hours of 9:00 a.m. and 9:00 p.m.  Docket No. 6 in 4842 at 2.  The Board answered on

24    December 5, 2006.  *See* Docket No. 10 in 4842.  Elliott filed three more amended complaints.  *See*

25    Docket entries for 1/17/2007, 1/18/2007, 2/27/2007, all in 4842.  On April 4, 2007, the Court

26    ordered the parties to hold a settlement conference between January 9 and 18, 2008.  *See* Docket

27    No. 20 in 4842.

28    ///

On June 26, 2007, Elliott filed another complaint against the Board, in case MC-07-80166 ("80166"), which was assigned to Judge Vaughn R. Walker.  *See* Docket No. 1 in 80166.  Elliott raised the same allegations in this complaint which he had raised in case 4842.  *See id.*  On August 28, 2007, case 80166 was redesignated as case C-07-04446 MJJ ("4446") and assigned to Judge Martin J. Jenkins.  *See* Docket No. 1 in 4446, Docket entry for 8/28/2007 in 80166.  On October 3, 2007, on the Board's motion [Docket No. 25 in 4842], the Court related case 4842 to case 4446.  *See* Docket No. 28 in 4842, Docket No. 8 in 4446.  On November 29, 2007, the Board filed a motion to dismiss for lack of standing, *see* Docket No. 35 in 4842, and a motion to consolidate, *see* Docket No. 39 in 4842.  On December 5, 2007, the Court set hearings for these motions for February 26, 2008.  *See* Docket No. 41 in 4842.  On December 10, 2007, Elliott filed an amended complaint in case 4446.  *See* Docket entry for 12/10/2007 in 4446.

On January 18, 2008, Magistrate Judge Brazil, who was in charge of settlement proceedings, set an Order to Show Cause ("OSC") hearing for February 15, 2008, regarding sanctions for Elliott's failure to appear at a settlement conference.  *See* Docket No. 42 in 4842.  Elliott failed to appear at the hearing, and on February 20, 2008, Magistrate Judge Brazil issued a report and recommended the Court dismiss Elliott's cases for failure to prosecute.  *See* Docket No. 46 in 4842.

As of February 26, 2008, Elliott had not filed any opposition to the Board's motion to dismiss.  *See* Docket No. 47 in 4842.  The Court thus vacated the hearing on the motion, and set an OSC hearing regarding dismissal for failure to prosecute for March 13, 2008.  *See id.*  Both parties appeared at the March 13, 2008 hearing.  *See* Docket No. 49 in 4842.  The Court consolidated cases 4842 and 4446.  *See id.*  Elliott said he failed to appear at his settlement conference because he wanted a jury trial, and believed participating in the former would prevent the latter.  *See* Docket No. 50 in 4842.  He also requested a chance to oppose the Board's motion to dismiss.  *See id.*  The Court set a briefing schedule, with his opposition due on March 26, 2008.  *See id.*  Elliott did not file an opposition, and on April 1, 2008, the Court dismissed case 4842 without prejudice, for failure to prosecute.  *See id.*  On June 4, 2008, the Court denied Elliott's motion to reconsider under Federal Rule of Civil Procedure 59.  *See* Docket No. 52 in 4842.

///

1    **II.    This Case, 08-02352**

2        On May 7, 2008, Elliott filed a complaint against the Board in this matter, alleging the

3    "Uniform Visitor Policy enforced upon the tenants of so-called SRO hotels in the SOMA and

4    Tenderlion [sic] districts of this City and County of San Francisco is in violation of the 14th

5    Amendment . . . ."  Docket No. 1 (Compl.) at 2 ¶ 2.  This same day, he also filed an application to

6    proceed *in forma pauperis*.  *See* Docket No. 2.  This matter was assigned to Magistrate Judge Chen,

7    who on June 16, 2008 granted Elliott *in forma pauperis* status.  *See* Docket No. 5.  On June 18,

8    2008, this Court related this matter to cases 4842 and 4446.  *See* Docket No. 7.

9        On July 30, 2008, Elliott filed a Motion for Summary Judgment, captioned *only* for case

10   4446.  *See* Docket No. 25 in 4446.  On August 4, 2008, defendant filed its Motion to Dismiss for

11   Lack of Jurisdiction (the "Motion") [Docket No. 11], which is before the Court in this matter.  On

12   August 18, 2006, Elliott filed a Motion to Dismiss with Leave to Amend [Docket No. 15].  Then, on

13   August 22, 2008, he filed an Amendment to Motion to Dismiss with Leave to Amend *only* in case

14   4842.  *See* Docket No. 56 in 4842.

15                                **LEGAL STANDARD**

16   **I.    Federal Rule of Civil Procedure 12(b)(1)**

17        A party may assert a lack of subject-matter jurisdiction by motion.  Fed. R. Civ. P. 12(b)(1).

18   As the Supreme Court has stated:

19            Federal courts are courts of limited jurisdiction. They possess only that power

20            authorized by Constitution and statute, which is not to be expanded by judicial

21            decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the

22            burden of establishing the contrary rests upon the party asserting jurisdiction.

23   *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *A-Z Intern. v. Phillips*, 323

24   F.3d 1141, 1145 (9th Cir. 2003).

25        "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations

26   of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter

27   jurisdiction in fact."  *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir.

28   1979).  In resolving a "facial" attack, a court limits its inquiry to the complainant's allegations,

                                            3

1  which are taken as true, *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004),

2  though the Circuits are split as to whether reasonable inferences are drawn in the complainant's

3  favor, *see Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 361 (drawn) (1st Cir. 2001); *Shipping Fin'l*

4  *Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (not drawn).  And, leave to amend will be

5  granted to correct formal defects.  *Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d

6  463, 466 (9th Cir. 1995).

7        In contrast, "[i]n resolving a factual attack on jurisdiction, the district court may review

8  evidence beyond the complaint without converting the motion to dismiss into a motion for summary

9  judgment."  *Safe Air*, 373 F.3d at 1039.

10        Once the moving party has converted the motion to dismiss into a factual motion by

11        presenting affidavits or other evidence properly brought before the court, the party

12        opposing the motion must furnish affidavits or other evidence necessary to satisfy its

13        burden of establishing subject matter jurisdiction.

14  *Id.* (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003)).

15        The court then proceeds to weigh the evidence, and resolve any factual disputes on its own.

16  *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  If, in its discretion, a court finds it

17  necessary, it may hold evidentiary hearings.  *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir.

18  1987).  If it does, then the "court need not presume the truthfulness of the plaintiff's allegations."

19  *Safe Air*, 373 F.3d at 1039.  If it does not hold hearings, however, but instead rules solely on the

20  complaint, declarations, *et seq.*, then it must take the complaint's allegations as true.  *Rhoades v.*

21  *Avon Prods., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007); *McLachlan v. Bell*, 261 F.3d 908 (9th Cir

22  2001).

23        The procedure is different, however, "when 'the jurisdictional issue and substantive issues

24  are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues

25  going to the merits' of an action."  *Safe Air*, 373 F.3d at 1039 (quoting *Sun Valley Gas., Inc. v. Ernst*

26  *Enters.*, 711 F.2d 138, 139 (9th Cir. 1983) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077

27  (9th Cir. 1983))).  "The question of jurisdiction and the merits of an action are intertwined where "a

28  statute provides the basis for both the subject matter jurisdiction of the federal court and the

4

1  plaintiff's substantive claim for relief." *Id.*  In such cases, a court may not hold hearings to resolve

2  genuinely disputed facts, but instead must employ the standard applicable to a motion for summary

3  judgment. *Rosales*, 824 F.2d at 803.  Thus, a court may only grant such a motion to dismiss "if the

4  material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter

5  of law." *Id.*  Otherwise, the court must defer the issue for resolution at trial. *Id.*  An exception to

6  this rule exists, however, where the intertwined allegations are immaterial, insubstantial, or

7  frivolous. *Safe Air*, 373 F.3d at 1039-40.  In such cases, a court may determine jurisdiction, despite

8  a genuine dispute over jurisdictional facts intertwined with the merits of a given matter. *Id.*

9  **II.    Standing under the United States Constitution**

10      As the Supreme Court has held, the federal courts only have subject matter jurisdiction over

11  cases and controversies as defined in Article III of the Constitution. *Lujan v. Defenders of Wildlife*,

12  504 U.S. 555, 560 (1992).  "[T]he core component of standing is an essential and unchanging part of

13  the case-or-controversy requirement." *Id.*  Standing consists of three elements:  (1) An injury in

14  fact, i.e., the invasion of a legally protected interest which is (a) concrete and particularized

15  (affecting the plaintiff in a personal and individual way) and (b) actual or imminent, not conjectural

16  or hypothetical; (2) a causal connection between the injury and the conduct complained of, which

17  must be fairly traceable to the defendant's challenged action, and not due to the independent action

18  of a third party not before the court; and (3) it must be likely, as opposed to merely speculative, that

19  the injury will be redressed by a favorable decision. *Id.* at 560-61.

20      "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.*

21  at 561.  "Since they are not mere pleading requirements but rather an indispensable part of the

22  plaintiff's case, each element must be supported in the same way as any other matter on which the

23  plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the

24  successive stages of the litigation." *Id.*  "At the pleading stage, general factual allegations of injury

25  resulting from the defendant's conduct may suffice, for on a motion to dismiss we "presum[e] that

26  general allegations embrace those specific facts that are necessary to support the claim." *Id.*

27  (*quoting Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990) (*citing Conley v. Gibson*, 355 U.S.

28  41

5

1  ///

2  at 45-46 (1957) (discussing legal standard for Rule 12(b)(6)), *abrogated by Bell Atl. Corp. v.*

3  *Twombly*, 127 S.Ct. 1955 (2007))), *quoted in Bennett v. Spear*, 520 U.S. 154, 169 (1997).

4  **ANALYSIS**

5  **I.    Elliott's Motion for Summary Judgment**

6       Before turning to defendant's Motion, the Court addresses Elliott's earlier filed Motion for

7  Summary Judgment. Elliott filed this in case 4446 and captioned it *only* for case 4446. *See* Docket

8  No. 25 in 4446. The motion is handwritten and consists of a four-page application to proceed *in*

9  *forma pauperis*, and seven pages of largely illegible text. *See id.* Because case 4446 is closed, the

10 Court DENIES the Motion without prejudice. If the motion were legible, the Court might have been

11 able to consider disposing of it as if it had been filed in this matter, but as it is illegible, the Court is

12 unable to even consider it.

13 **II.    Defendant's Motion to Dismiss**

14      In the Motion, Defendant argues this Court should dismiss under Rule 12(b)(1) because

15 Elliott "lacks standing because the City's Visitor Policy did not cause any alleged deprivation of his

16 right to overnight visitors, nor can this Court redress such an alleged injury by invalidating the

17 Visitor Policy." Mot. at 5:5-7. Defendant, however, fails to state in its Motion where Elliott

18 claimed he suffered a "deprivation of his right to overnight visitors" in his Complaint. Defendant

19 has based its argument on Elliott's filings in cases 4446 and 4842, but has not based its arguments

20 on any claims asserted in the Complaint filed in this matter. Elliott has not stated any claim for

21 relief in this matter. In his Complaint, he merely states the "Uniform Visitor Policy enforced upon

22 the tenants of so-called SRO hotels in the SOMA and Tenderlin [sic] districts of this City and

23 County of San Francisco is in violation of the 14th Amendment . . . ." Compl. at 2 ¶ 2. He does not

24 explain, however, how this policy violates the XIVth Amendment. He has, however, failed to

25 provide sufficient information so the Court may verify he has standing to bring this suit. Because

26 the "party invoking federal jurisdiction bears the burden of establishing" standing, and because this

27 is not a mere pleading requirement but rather an *indispensable* part of Elliott's case, the Court

28 GRANTS defendants' Motion. *Lujan*, 504 U.S. at 561. Nonetheless, because Elliott may be able to

6

1  ///

2  cure this deficiency, by actually stating a claim for relief, the Court GRANTS him leave to amend.

3  *Telluride*, 55 F.3d at 466.

4  **III.     Elliott's Motion to Dismiss with Leave to Amend**

5        Having addressed defendant's Motion, the Court turns to Elliott's Motion to Dismiss with

6  Leave to Amend [Docket No. 15]. This is not a motion. This is Elliott's opposition to defendant's

7  Motion. Because he titled it as a motion, however, the Clerk of the Court had to docket it as such.

8  Thus, in order to "dispose" of it on the docket, the Court must DENY it as moot.

9  **IV.     Elliott's Amendment to Motion to Dismiss with Leave to Amend**

10       Elliott filed an Amendment to Motion to Dismiss with Leave to Amend [Docket No. 56 in

11  case 4842]. This was apparently an amendment to his opposition, which he timely filed.

12  Nonetheless, Elliott filed his amendment only in case 4842. Because Elliott continues to file

13  pleadings in his closed cases, **the Court ORDERS Elliott not to file any pleadings in cases 06-**

14  **04842, 07-04446, or 07-80166, without first filing a motion with the Court for permission to do**

15  **so.** The Court advises Elliott that any pleadings filed in these closed cases will not be considered in

16  this open case, and a failure to obey the Court's order may result in the imposition of sanctions up to

17  and including dismissal of this open case, under Federal Rule of Civil Procedure 41.

18  **V.     Elliott's Conduct with Opposing Counsel**

19       In an attempt to meet and confer, in case 4842, defendant's counsel offered to meet with

20  Elliott in counsel's office. In response, Elliott sent a letter to counsel analogizing her office to a

21  brothel, and her to a prostitute who uses her surroundings "to better control her tricks during the sex

22  act." Docket No. 14, Ex. "A." The Court reminds Elliott that he is expected to comport himself

23  appropriately and consistently with the Federal Rules of Civil Procedure and the Rules of this Court.

24  As Civil Local Rule 3-9(a) states:

25           Any party representing him or herself without an attorney must appear

26       personally and may not delegate that duty to any other person who is not a member of

27       the bar of this Court. A person representing him or herself without an attorney is

28       *bound by the Federal Rules, as well as by all applicable local rules. Sanctions*

7

1    ///

2    *(including default or dismissal) may be imposed for failure to comply with local*

3    *rules.*

4    N.D. Cal. Civ. L.R. 3-9(a) (emphasis added).

5    Further, Civil Local Rule 11-4(a)(4) requires all persons before the Court to "Practice with the

6    honesty, care, and *decorum* required for the fair and efficient administration of justice[.]" *Id.*

7    11-4(a)(4) (emphasis added). **Elliott is admonished not to refer to opposing counsel in**

8    **inappropriate terms, or he will risk dismissal of this matter.**

9                                     **CONCLUSION**

10        Accordingly, the Court:

11        (1)    GRANTS defendant's Motion to Dismiss for Lack of Jurisdiction [Docket No. 11]

12    with leave to amend.  Plaintiff has 10 days from the date of service of this Order on him to file a

13    First Amended Complaint ("FAC").  Defendant has 20 days from the date plaintiff files his FAC to

14    file an answer or other pleading.

15        (2)    VACATES the hearing on defendant's motion set for September 16, 2008 at

16    1:00 p.m.

17        (3)    CONTINUES the Case Management Conference scheduled for October 1, 2008

18    at 2:15 p.m, *see* Docket No. 9, to November 5, 2008 at 3:15 p.m.  The parties shall **meet and confer**

19    prior to the conference and shall prepare a joint Case Management Conference Statement which

20    shall be filed no later than ten (10) days prior to the Case Management Conference that complies

21    with the Standing Order for all Judges of the Northern District of California and the Standing Order

22    of this Court. **Defendant** shall be responsible for filing the statement as well as for arranging the

23    conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above indicated

24    date and time.

25        (4)    DENIES as moot plaintiff's Motion to Dismiss with Leave to Amend [Docket

26    No. 15].

27        (5)    DENIES as moot plaintiff's Motion for Summary Judgment [Docket No. 25 in C 07-

28    04446 SBA].

1  *///*

2        (6)     ORDERS Elliott not to file any pleadings in cases C 06-04842, C 07-04446, or MC

3  07-80166, without first filing a motion with the Court for permission to do so. The Court warns

4  Elliott if he violates this order this case, 08-02352, may be dismissed.

5        (7)     ORDERS Elliott not to refer to opposing counsel in inappropriate terms. The Court

6  warns Elliott if he violates this order this case may be dismissed.

7

8        IT IS SO ORDERED.

9

10        September 3, 2008          _____

Saundra Brown Armstrong
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

1

2 UNITED STATES DISTRICT COURT
FOR THE
3 NORTHERN DISTRICT OF CALIFORNIA

4 ELLIOTT et al,

Case Number: CV08-02352 SBA
5          Plaintiff,

**CERTIFICATE OF SERVICE**
6    v.

7 SAN FRANCISCO RENT STABILIZATION
AND ARBITRATION B et al,
8
         Defendant.
9 _____/

10
I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
11 Court, Northern District of California.

12 That on September 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
13 envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
located in the Clerk's office.

14

15

16
Vance S. Elliott
17 74 Sixth Street, #226
San Francisco,  CA 94103-1608
18
Dated: September 3, 2008
19
                                 Richard W. Wieking, Clerk
20                               By: LISA R CLARK, Deputy Clerk

21

22

23

24

25

26

27

28